# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

KATHERINE JUAREZ, §
§
    *Plaintiff,* §
§
v. § Civil Action No.  SA-18-CV-364-XR
§
TARGET CORPORATION and §
STARBUCKS CORPORATION, §
§
    *Defendants.* §
§

## ORDER

On this date, the Court considered the Motion to Dismiss for Improper Joinder of Defendant Starbucks Corporation (docket no. 20) and Defendants' Motion for Summary Judgment (docket no. 21).

## Background

Plaintiff Katherine Juarez filed this suit in state court on March 29, 2018, alleging that she sustained personal injuries after slipping on "the wet premises" while walking by the entrance of an in-store Starbucks at Target. Plaintiff asserts causes of action for negligence, gross negligence, and premises liability. Defendants answered and removed the case to this Court on April 23, 2018. On September 13, 2018, Defendants moved to dismiss Starbucks Corporation as improperly joined pursuant to Rule 21, and moved for summary judgment. No responses have been filed, and the time for doing so has expired.

## Legal Standard

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(c). In making a summary-judgment determination, the court should review all the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* at 164. A party wishing to argue that a fact is genuinely disputed must support such assertion by citing to particular parts of materials in the record or by showing that the materials cited by the opposing party do not establish the absence of a genuine dispute. *See* FED. R. CIV. P. 56(c)(1). If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion and, if appropriate, grant summary judgment. *See id.* 56(e). When a plaintiff fails to respond to the defendant's motion for summary judgment, the inquiry must be whether the facts

presented by the defendant create an appropriate basis to enter summary judgment against the plaintiff. *Adams*, 465 F.3d at 163.[1]

## Analysis

Defendants move for summary judgment on the basis that Plaintiff has failed to respond to requests for admissions served on May 16, 2018, that certain facts therein are therefore deemed admitted, and that there is thus no genuine dispute as to any material fact.

Defendants correctly assert that although Plaintiff brings both claims for negligence and premises liability, the alleged facts do not support a negligent activity claim, but only a premises liability claim. Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe. *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014). Plaintiff's allegations sound in premises liability, not negligent activity, and plaintiff therefore cannot pursue both theories based on the same injury. *Id.*

To recover damages in a slip and fall case based on premises liability such as this one, a plaintiff must prove the following: (1) the owner/operator had actual or constructive

---

[1] This Court's local rules permit the Court to treat unresponded-to motions as unopposed. However, the Fifth Circuit does not permit district courts to utilize local rules to grant summary judgment motions as unopposed based solely on a failure to respond:

> [I]t is clear that, although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. In the light of Rule 56's clear command that a party need not respond to a motion for summary judgment unless the moving party discharges its initial burden, the reasoning of these cases applies with even greater force to the automatic grant of motions for summary judgment. We hold, therefore, that the summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment.

*John v. State of La.*, 757 F.2d 709 (5th Cir. 1985).

knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use reasonable care proximately caused the plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

Defendants contend that no material fact issues exist and that summary judgment is warranted because Plaintiff is deemed to have admitted certain facts, including that: she was not injured as a result of the incident made the basis of this lawsuit (RFA#3) and that she had pre-existing injuries to her hips, thighs, legs (RFA#7-21); her negligence caused the incident in question (RFA#5) and her actions were the sole cause of the incident (RFA#6); she does not know if any of Defendants' employees knew there was a substance on the ground (RFA#23, RFA#41) or whether any customer or employee complained of a similar incident (RFA#25) or wet floor prior to her fall (RFA#28); she does not know how long the alleged substance was on the ground (RFA#30); she does not know if Defendants knew the substance was on the ground prior to her alleged fall (RFA#44-45); she has no evidence that Starbucks or Target knew or had actual or constructive notice that there was a substance on the ground (RFA#46-47); and the alleged substance was open and obvious (RFA#31).

Federal Rule of Civil Procedure 36 "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Rule 36(a)(3) provides that "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Further, Rule 36(b) provides that "[a] matter admitted under this rule is

conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." FED. R. CIV. P. 36 Comm. Notes to 1970 Amendment.

Further, "if the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (citing *Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)). A movant can satisfy its initial summary judgment burden by offering deemed admissions that rebut the plaintiff's claims. *Dingler v. Equifax Inf. Servs.*, No. 3:12-CV-455-M (BF), 2014 WL 1317511, at *3 (N.D. Tex. Feb. 28, 2014). Specifically, "[a] party asserting that a fact cannot be . . . disputed [may] support the assertion by: (A) citing to particular parts of materials in the record, including . . . admissions." FED. R. CIV. P. 56(c). Although the Fifth Circuit has recognized the "potential harshness" of granting summary judgment on the basis of default admissions, it has also emphasized that compliance with the rules of procedure is "necessary to insure the orderly disposition of cases." *Carney*, 258 F.3d at 421 (*quoting United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)).

Defendants provide evidence that Plaintiff was served with Target's Requests for Admissions on May 16, 2018 by fax and email and did not timely respond. Docket no. 21-3; docket no. 21-4 (July 9, 2018 letter from Defendant's counsel to Plaintiff's counsel noting that responses are overdue and the RFAs are deemed admitted). The deemed admissions include that Plaintiff has no evidence that Starbucks or Target knew or had actual or constructive

notice that there was a substance on the ground (RFA#46-47). Plaintiff has not responded to the motion and thus has not contradicted Defendants' evidence, nor has Plaintiff filed a motion to withdraw the deemed admissions. Accordingly, the Court finds that Defendants have met their initial burden to demonstrate the absence of any disputed issues of material fact, which Plaintiff has failed to rebut, and Defendants are entitled to summary judgment.

## Conclusion

Defendants' Motion for Summary Judgment (docket no. 21) is GRANTED. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff, and it is ORDERED and ADJUDGED that Plaintiff shall take nothing by her claims and her claims are DISMISSED WITH PREJUDICE. Defendants are awarded their costs of court and shall file a bill of costs in the required form pursuant to Local Rule CV-54.

Defendants' motion to dismiss Starbucks Corporation for improper joinder (docket no. 20) is DISMISSED AS MOOT.

The Clerk is directed to CLOSE this case.

It is so ORDERED.

SIGNED this 5th day of October, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE