IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATHERINE JUAREZ, | § § § | |
| *Plaintiff*, | § § | SA-18-CV-00364-XR |
| vs. | § § § | |
| TARGET CORPORATION, STARBUCKS CORPORATION, | § § § § | |
| *Defendants*. | § | |

## **ORDER**

On this date, the Court considered Plaintiff's Motion for New Trial Pursuant to Rule 60(b) (docket no. 27), Plaintiff's Motion to Withdraw Deemed Admissions (docket no. 26), Plaintiff's Motion for Oral Hearing (docket no. 28), and Defendants' Motion to Strike Plaintiff's Evidence (docket no. 30).

### **Background**

Plaintiff Katherine Juarez filed this action asserting premises liability claims on March 29, 2018 after she slipped and fell in a Target store. At the time, she was represented by Amos Waranch with the Thomas J. Henry law firm. Defendants removed the case to this Court on April 23, 2018, and this Court entered a scheduling order on May 18, 2018. The discovery deadline was April 26, 2019.

The parties proceeded with discovery, and Defendants served Requests for Admissions on Plaintiff on May 16, 2018 via email to Waranch. Plaintiff's counsel Waranch failed to respond to the Requests for Admissions by the June 15 deadline. Defendants' counsel sent a letter to Waranch by email (to awaranch-svc@thomasjhenrylaw.com) on July 9, 2018, indicating that Plaintiff had yet to respond to the discovery request, but apparently Waranch had

1

unexpectedly left the Thomas J. Henry firm on July 2 without prior notice to the firm and without notifying opposing counsel. Plaintiff asserts that "any emails sent to [Waranch] after his date of separation would not have been included within the file received by" subsequent counsel on the case. Docket no. 26 at 7. Defendants provide evidence that Waranch's paralegal Jack DeLuna was also copied on the email letter and read the email on July 9.

The case was re-assigned to attorney Craig Farrish of the Thomas J. Henry firm in mid-July. According to Farrish, he reviewed the file but was "unaware of any past-due discovery or deemed admissions." Thus, it appears that the discovery and the July 9 letter were not included in the file. Given the early stages of discovery, this would not have necessarily seemed odd. Farrish attempted to file a notice of designation of lead counsel in the case on or about July 25, but was informed that he was not admitted to practice in this District and would have to file a motion for admission pro hac vice. On August 13, 2018, Farrish moved for admission pro hac vice to represent Plaintiff.

Farrish has filed an Affidavit stating that he began to experience medical problems in September 2018. At the same time that he was experiencing these problems, he received Defendants' Motion for Summary Judgment, which was filed on September 13. The motion for summary judgment was served by email via CM/ECF on Waranch, his paralegal Jack DeLuna, and Craig Farrish. Defendants' paralegal asserts it was also emailed to [awaranch-svc@thomasjhenrylaw.com](mailto:awaranch-svc@thomasjhenrylaw.com), [cfarrish@svc-tjhlaw.com](mailto:cfarrish@svc-tjhlaw.com), and to two additional paralegals at the Thomas J. Henry law firm.

The motion for summary judgment asserted that because Plaintiff had failed to respond to requests for admissions, certain facts therein were deemed admitted, and there was thus no

genuine dispute of fact. The motion did not rely on any evidence other than the deemed admissions.

Farrish states that prior to receiving the motion, he was unaware of any unanswered discovery because Defendants' counsel had never mentioned it to him despite other communications. Farris further attests that, due to his medical condition, the response deadline for the motion was not calendared as it normally would have been. As a result, no response to the motion was filed. This Court found an absence of material fact based on the deemed admissions and granted summary judgment on October 5, 2018.

On November 2, George DeVera of the Thomas J. Henry firm entered an appearance on behalf of Plaintiff. That same day, he filed responses to the discovery, a motion to withdraw the deemed admissions, a motion for new trial, and a motion for hearing. Defendants oppose the motion for new trial and the motion to withdraw deemed admissions, and move to strike objectionable portions of Plaintiff's affidavit and her husband's affidavit in support of Plaintiff's motions.

**Analysis**

Rule 60(b) provides that, on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Plaintiff brings her motion for reconsideration under Rule 60(b) based on: "(a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence; and (c) the judgment was in error and not based on competent summary judgment evidence." This third basis appears to more appropriately be characterized as a motion for new trial under Rule 59(e), especially since Plaintiff filed the motion within the 28-day Rule 59 deadline.

Rule 59 does not specifically list the circumstances under which relief may be granted, but has been construed to warrant relief when there is a manifest error of law or fact or when the motion presents newly discovered evidence. *Rosensweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), but must strike the proper balance between finality and the need to render just decisions on the basis of all the facts. This balancing test requires courts to consider the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened and the reasons for the moving party's default. *Gonzalez v. State Fair of Tex.*, 235 F.3d 1339 (5th Cir. 2000).

Plaintiff has provided evidence that her counsel was dealing with a medical condition that left him incapable of appropriately dealing with the motion for summary judgment, and thus no motion to withdraw the deemed admissions underlying the motion or response to the motion was calendared or filed. This goes beyond mere negligence typically held insufficient to warrant Rule 59(e) relief. Further, a party who secures final judgment of a case will obviously suffer some form of prejudice anytime it obtains such relief and the opposing party is successful in having the proceedings reinstated, but such prejudice alone is generally insufficient to deny relief. *Emerton v. Kroger Co.*, No. 3:14-CV-3334-D, 2015 WL 731250, at *2 (N.D. Tex. Feb. 20, 2015). In

addition, even having to pay the legal costs of responding to the motion is not unfair prejudice. *Gonzalez*, 235 F.3d at *2.

Considering the merits of the underlying summary judgment, Defendants' motion did point to the absence of issues of material fact on the issue of notice, specifically pointing to Plaintiff's deemed admission that she had no evidence that either Defendant knew or had actual or constructive knowledge that there was a substance on the ground. This motion, which both pointed to materials in the record and showed that the other party would not have admissible evidence to contradict the deemed admission on notice, was sufficient to shift the summary-judgment burden to Plaintiff. Because Plaintiff did not move to withdraw the deemed admission or otherwise respond to the motion, the Court granted summary judgment on the issue of notice, specifically relying on deemed admissions that Plaintiff had no evidence that Starbucks or Target knew or had actual or constructive notice that there was a substance on the ground (RFA#46-47).

However, Plaintiff points out that these admissions went beyond the 30-RFA limit in this Court's local rules. *See* Local Rule CV-36. Although Defendants point to other RFAs within the first thirty, those do not clearly support summary judgment, since they ask for Plaintiff's knowledge, and a deemed admission that Plaintiff does not know if Defendants were aware of the hazard is not the same as an admission that Plaintiff has no evidence of notice. Given that the Court relied on RFAs beyond the 30-RFA limit and the Court's conclusion, discussed more fully below, that the deemed admissions should be withdrawn, the Court finds that relief under Rule 59(e) may be warranted. However, because Plaintiff frames her motion under Rule 60(b), the Court will address that basis for the motion without expressly deciding the issue under Rule 59(e).

Rule 60 motions are directed to the sound discretion of the court, and several factors have been developed to guide the exercise of that discretion: (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *See In re Martinez*, 589 F.3d 772, 777 (5th Cir. 2009) (citation omitted); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

The Court finds that relief is appropriate under Rule 60(b)(1). Rule 60(b)(1) provides relief for a party that has failed to timely answer or otherwise defend if the party demonstrates that its failure (1) resulted from justifiable neglect and (2) that a fair probability of success on the merits existed if the judgment were to be set aside. *Long v. James*, 667 F. App'x 862, 863 (5th Cir. 2016) (applying test where plaintiff failed to respond to a motion for summary judgment).

The proper focus for the excusable neglect inquiry is on attorney Farrish and the reasons for his failure to respond to the motion for summary judgment.[1] Had he responded to the motion,

---

[1] While relevant, his failure to be apprised of the late discovery responses relates to the motion to withdraw the deemed admissions, not the failure to respond to the motion for summary judgment. Had he simply been unaware of the motion for summary judgment and the deemed admissions, "the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute excusable neglect warranting relief from summary judgment contemplated by Rule 60(b)." *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471-72 (5th Cir. 1989). Farrish was aware of the motion but has provided evidence that his medical condition prevented him from appropriately dealing with the information presented to him. Moreover, in *Smith*, the Fifth Circuit found it notable that the Court granted summary judgment after an examination of evidence on the merits. In this case, in contrast, the Court granted summary judgment on the basis of deemed admissions. Thus, this is more like an issue of default, in which Rule 60(b) is traditionally applied more liberally since a litigant has not had an opportunity to adequately present the merits of the case. *Id*. at 1472.

he would have simultaneously moved to withdraw the deemed admissions. Thus, while the failure to respond to discovery is relevant, as discussed below, it is not the central focus for the Rule 60(b) inquiry into excusable neglect.

The Fifth Circuit is clear that counsel's negligence or failure to act with diligence is generally insufficient to constitute excusable neglect, but Farrish has provided evidence that he was suffering from a severe medical condition involving issues with cognitive impairment that impacted his memory, speech, and ability to have conversation and for which he was admitted to the hospital at the time he received the Motion for Summary Judgment. As a result, he missed significant time from work and did not calendar the response to the motion. Further, at the time, he was the only attorney assigned on the case. Thus, the typical cases finding no excusable neglect when the attorney failed to be informed of filings or deadlines would not apply.

Although Defendants assert that other attorneys at the firm should have noticed that Farrish was absent from the office and ensured that his case was being handled correctly, there is nothing to indicate that any Thomas J. Henry attorney was aware that Farrish might have failed to calendar the summary-judgment response deadline. Rather, Plaintiff states that Farrish's impairment was not discovered until after the Court's summary-judgment ruling on October 5. Further, although Defendants contend that Thomas J. Henry paralegals were aware of the filings, the Court's focus remains on counsel. Further, as soon as someone at Thomas J. Henry was aware of the judgment, they filed a motion for relief from judgment within 28 days, the deadline for filing under Rule 59(e) and well within the time frame for filing a Rule 60(b) motion. The Court finds this sufficient to constitute excusable neglect for failing to respond to the summary-judgment motion.

The Court next considers whether Plaintiff has demonstrated that a fair probability of success on the merits existed if the judgment were to be set aside. This issue is inextricably intertwined with Plaintiff's motion to withdraw the deemed admissions, and thus the Court addresses that issue first. A district court may permit "withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). Even when Rule 36(b)'s two-factor test has been satisfied, however, the district court "still has discretion to deny a request to withdraw or amend an admission." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

The first prong under the Rule 36(b) framework requires that the withdrawal promote the presentation of the claims on the merits of the case. Withdrawal of a deemed admission is appropriate in cases in which the admissions at issue directly bear on the merits of the case. *Luu v. Int'l Inves. Trade & Serv. Group*, Civ. A. No. G-11-182, 2012 WL 2450773, at *2 (S.D. Tex. June 26, 2012). Here, presentation of the merits will unquestionably be promoted by allowing the admissions to be withdrawn.

The second prong for withdrawal of deemed admissions questions whether withdrawal would prejudice the party opposing it. Prejudice may occur where a party faces "special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n., Inc., v. AAA Legal Clinic of Jefferson Crooke*, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991). However, "[t]he necessity of having to convince a trier of fact of the truth of a matter erroneously admitted is not sufficient." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 896 (5th Cir. 2009).

Withdrawing the deemed admissions would not prejudice Defendants beyond having to resume discovery and try the case on the merits. When Defendants moved for summary judgment on September 13, 2018, discovery was in its earliest stages. In fact, there were still seven more months before the discovery deadline expired. Defendants had served their initial discovery but it appears that no depositions had occurred and there is no indication that Plaintiff had conducted any discovery. Defendants' motion was not filed after the close of full discovery, but was filed solely on the basis of the deemed admissions, which occurred right at the start of the discovery period. Restoring the case to the position it would have been in had discovery been timely answered would not prejudice Defendants. *See Le v. Cheesecake Factory Restaurants, Inc.*, No. 06-20006, 2007 WL 715260, at *3 (5th Cir. 2007) (noting that district court might have abused its discretion in denying motion to withdraw deemed admissions when there were almost six months to continue discovery and any prejudice consisted largely of the additional expense of discovery).Thus, the Court finds that Defendants are not prejudiced by withdrawing the deemed admissions. Though the Court has discretion to deny motions to withdraw deemed admissions even when the requirements of Rule 36(b) are met, *In Re Carney*, 258 F.3d at 419, the Court finds no reason to do so here. Thus, the Court finds that the deemed admissions should be withdrawn.

The Court next considers whether Plaintiff has demonstrated a fair probability of success on the merits if the judgment were to be set aside. Defendants complain that "[o]ver two years [have] passed since the incident made the basis of this lawsuit occurred and Plaintiff still has no evidence to show whether Defendants had actual or constructive knowledge of the potential danger." Docket no. 31 at 9. Although Defendants summarily contend that "nothing will change this fact," they fail to account for the fact that discovery has not occurred. Considering the early

stages of discovery when summary judgment was granted, Plaintiff understandably does not have competent summary-judgment type evidence to show a likelihood of success on the issue of notice. But Plaintiff has now responded to the Requests for Admissions, and Plaintiff now states in her responses that "she knows that the substance in question was on the ground long enough for it to be reported to Target employees by other customers and for two other people to slip while walking through the same area prior to the incident." Thus, without the deemed admissions, notice is again fairly in issue. Plaintiff provides the affidavits of herself and her husband, which Defendants correctly note do contain some hearsay statements. However, the Court will not hold Plaintiffs to a strict standard for competent summary-judgment evidence at this time when, as noted, Plaintiff has not yet had an opportunity to obtain competent summary-judgment evidence. Defendants' motion relied solely on the deemed admissions, and included no affirmative evidence on the lack of notice. The Court finds that, considering the status of the case after the deemed admissions are withdrawn, Plaintiff has a fair probability of success if she is permitted to conduct discovery on the issue of notice, at least as to Target.

With regard to Starbucks, Defendants have asserted that Starbucks is an improper party because Target owned and operated the Starbucks inside the store. It appears that counsel were at some point discussing an agreement to dismiss Starbucks from the case, and Starbucks had filed a motion to dismiss, which Plaintiff also did not respond to. The Court dismissed the motion to dismiss Starbucks as moot when it granted summary judgment. Nothing in Plaintiff's current pleadings addresses the issue of whether Starbucks is a proper party, however, and this issue remains open. Because Plaintiff has not established a basis for reopening the case as to Starbucks at this time, the Court will grant the motion as to Defendant Target only.

The Court recognizes that final judgments should not lightly be disturbed, but notes that summary judgment was entered in this case early and solely on the basis of deemed admissions that are properly withdrawn. The interest in deciding cases on the merits outweighs the interest in the finality of judgments. Plaintiff has not used the Rule 60(b) motion as a substitute for appeal, and Plaintiff timely filed her motion. Although this case highlights some deficiencies in Thomas J. Henry's staffing of cases, maintaining of files, and dealing with attorneys who unexpectedly leave the firm, which the Court expects the firm to take steps to remedy, the Court finds that Plaintiff is entitled to relief.

## Conclusion

Plaintiff's Motion to Withdraw Deemed Admissions (docket no. 26) is GRANTED.

Plaintiff's Motion for Oral Hearing (docket no. 28) is DENIED.

Defendants' Motion to Strike (docket no. 30) is DENIED.

Plaintiff's Motion for New Trial under Rule 60(b) is GRANTED as to Defendant Target, but not as to Defendant Starbucks. The Clerk is therefore directed to re-open this case as to Defendant Target only. The Court will issue a new Scheduling Order by separate order.

It is so ORDERED.

SIGNED this 25th day of February, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE